UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

| | |
|---|---|
| MISSY CHASE LAPINE and THE SNEAKY CHEF, INC., : | |
| Plaintiffs, : | ECF Case |
| -against- : | No. 08-CV-128 (LTS) |
| JESSICA SEINFELD and JERRY SEINFELD, : | **ANSWER OF DEFENDANTS JESSICA SEINFELD and JERRY SEINFELD** |
| Defendants. : | |
| : | |

-------------------------------------------------------------------------- x

Defendants Jessica Seinfeld and Jerry Seinfeld, by their attorneys Cowan, Liebowitz & Latman, P.C. and Menaker & Herrmann LLP, denying the allegations of the Complaint for copyright infringement, trademark infringement, injury to business reputation and slander, for their answer to the Complaint state as follows:

1.      State that this action gives new meaning to the terms "objectively unreasonable" and "publicity stunt." Admit that Plaintiff Lapine's book *The Sneaky Chef: Simple Strategies for Hiding Healthy Foods in Kids' Favorite Meals* ("*Sneaky Chef*") was first published in paperback in April 2007. Deny that *Sneaky Chef* reflects a "unique and innovative approach to improving children's eating habits." Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.

2.      Admit that Defendant Jessica Seinfeld's book *Deceptively Delicious: Simple Secrets to Getting Your Kids Eating Good Food* ("*Deceptively Delicious*") was published on or about October 5, 2007, and became a commercial success, in late October 2007 reaching

Number 1 on the hardcover New York Times Advice, How-To and Miscellaneous list. Deny the remaining allegations in paragraph 2.

3. Deny the allegations in paragraph 3, except admit that on or about October 29, 2007, Jerry Seinfeld appeared on *The Late Show With David Letterman* and refer to the transcript of that show for what was said.

4. Deny the allegations in paragraph 4, and state that anyone hearing Jerry Seinfeld's remarks concerning the allegations of "vegetable plagiarism" would readily have recognized that he was not making statements of fact but overstatements of opinion for comic effect.

5. Admit that Jerry Seinfeld is a well-known comedian, and that Jessica Seinfeld is his wife. Deny the remaining allegations in paragraph 5.

6. Do not contest this Court's jurisdiction, as alleged in paragraph 6.

7. Do not contest this Court's venue, as alleged in paragraph 7.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Admit the allegations in paragraph 10.

11. Admit the allegations in paragraph 11.

12. Admit the allegations in paragraph 12.

13. Deny that "camouflag[ing] healthy foods so that children will eat them without realizing or objecting" is "original" to Lapine. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Admit that in or about late May 2006 an approximately 100-page proposal was submitted to HarperCollins and was rejected. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Admit the allegations in paragraph 18.

19. Deny the allegations in paragraph 19.

20. Admit that in July 2007 a representative of Running Press contacted HarperCollins. Deny the remaining allegations in paragraph 20.

21. Admit the allegations in paragraph 21, and state that the letter referred to, which speaks for itself, states in addition to the language quoted by Plaintiffs, "Any similarities between the two books stem from their shared subject matter. … The idea of sneaking healthy foods into a child's diet is not original to your author (see, for example, the monthly column in COOKIE Magazine titled 'Sneak It In'), nor is the concept of creating purees in order to do so. Beyond this basic idea – which, of course, is not protected by copyright law – the books differ

3

greatly. I simply do not agree that they are similar in terms of style, design, organization or 'look and feel.'"

22.     Admit that *Deceptively Delicious* was published in October 2007 with the subtitle "Simple Secrets to Get Your Kids Eating Good Food." Deny the remaining allegations in paragraph 22.

23.     Deny the allegations in paragraph 23. Respectfully refer the Court to the books, which speak for themselves; and state that the "content," "artwork," "expression," "methodology," "organization" and "structure" of *Deceptively Delicious* are substantially <u>dissimilar</u> to, and its "design, styling and look and feel" are strikingly <u>different</u> from, *Sneaky Chef* as a matter of law.

24.     Deny that Jessica Seinfeld has "infringed," and deny that anything in *Deceptively Delicious* is "copied" from *Sneaky Chef*. Deny that such matter as "concept," "philosophy," "premise," "approach," and "methodology" is protectible by copyright. 17 U.S.C. § 102(b).

As to the specific allegations in subparagraphs (a)-(v) of the Complaint, respectfully refer the Court to the parties' books, which speak for themselves, and which are quoted or characterized incorrectly and/or out of context in subparagraphs (a)-(v) of the Complaint. Plaintiffs' allegations of actionable similarity under the federal Copyright Act in subparagraphs (a)-(v) consist largely of citations of paired short passages of text that are <u>in every case</u> substantially dissimilar as to expression, with only scattered words or word fragments in common; for the most part even the unprotectible ideas expressed are dissimilar. Even the unprotectible words and word fragments Plaintiffs emphasize (e.g., "*table*") are commonplace, even inevitable, in works with similar subject matter, i.e., cookbooks and books about childhood nutrition.

4

Worse yet, the purported "quotations"—tellingly, Plaintiffs provide no page numbers for the passages purportedly quoted or characterized—that make up Plaintiffs' copyright infringement claim are riddled with inaccuracies, and some are manufactured entirely.

For example, subparagraph 24(e) of the Complaint alleges "Both the Book and the Infringing work characterize the author's solution as an *'epiphany'* and state the benefits that accompany nutritional camouflage." (emphasis in Complaint). The allegation in subparagraph 24(e) is (A) false, for <u>neither</u> book characterizes anything as an "epiphany"; and (B) irrelevant, for neither Lapine nor anyone else could claim an exclusive right under copyright to "characterize the author's solution as an *'epiphany'* and state the benefits that accompany nutritional camouflage."

Subparagraph 24(f) alleges "The Book states: 'It got our **whole family** eating together in peace.'"; and "The Infringing [sic] states: '[T]he **whole family** is happier and we can finally enjoy mealtimes again.'" (emphasis in Complaint). The claim is frivolous on its face; the cited sentences are substantially dissimilar, having only the two-word phrase "whole family" in common. It is also falsified. The italicized, boldfaced phrase "whole family" (*Deceptively Delicious*, p.11) allegedly copied from *Sneaky Chef* does not even appear in *Sneaky Chef*, which states, at page 28, "It got our family eating together in peace."

Subparagraph 24(v) of the Complaint alleges that "Both the Book and the Infringing Work suggest adding the same specific fruit or vegetable puree to the same dishes, as set forth below." Lapine's claim to own a copyright in the suggested use of a single ingredient—in recipes which are themselves uncopyrightable—is frivolous on its face. Even worse, Lapine's specific representations to the Court in subparagraph 24(v) misrepresent and outright falsify the works at issue. A few examples:

5

- Plaintiffs claim copyright infringement based on both books' allegedly "suggesting" adding "White Bean" puree to "Chocolate Chip Cookies." The claim is frivolous and false. *Sneaky Chef,* pp.236-37, specifies "White Bean Puree" (pureed "great northern, navy, butter or cannelloni" beans, *id*. p.112) for its "Unbelievable Chocolate Chip Cookies"; however, *Deceptively Delicious*'s "Chocolate Chip Cookies" recipe, p.177, specifies canned chickpeas—and <u>not</u> pureed, but "drained and rinsed."

- Plaintiffs represent to the Court that both books "suggest" adding "Cauliflower" puree to "Twice-Baked Potatoes." *Sneaky Chef*, however, does not even contain a recipe for twice-baked potatoes—a fact clearly within Plaintiffs' knowledge. Two potato recipes in *Sneaky Chef* ("No Sin Potato Skins," p.184, and "Mystery Mashed Potatoes," p.228) specify not "Cauliflower" but "White Puree" (made of zucchini, cauliflower and lemon juice, *id*. pp.102-03). Another, "Triple-Stuffed Potatoes," p.194-95, specifies either "White Puree" or "White Bean Puree" (i.e., "great northern, navy, butter or cannelloni" beans, *id*. p.112). *Deceptively Delicious* specifies "cauliflower puree" in its "Twice Baked Potatoes" recipe, p.139.

Claiming copyright infringement based on trivial and unprotectible aspects of Plaintiffs' work is objectively unreasonable. Falsifying and misrepresenting both parties' works in the process is inexcusable. Such allegations and contentions, which are both false and without evidentiary support in the only place such support could be found—the works themselves—are irresponsible and indeed sanctionable under 17 U.S.C. § 505 and Fed. R. Civ. P. 11(b). Even as manufactured, misquoted and presented out of context they reflect no actual copying, much less actionable copying. Deny the remaining allegations in paragraph 24.

6

25. Deny that *Deceptively Delicious* is an "Infringing Work." Deny that Jessica Seinfeld "launched" a national promotional campaign. Admit the remaining allegations in paragraph 25.

26. Deny the allegations in paragraph 26.

27. Deny the allegations in paragraph 27, except admit that Jerry Seinfeld appeared on *The Late Show With David Letterman* on or about October 29, 2007.

28. Deny the allegations in paragraph 28 and refer to the transcript of the show for what was said.

29. Deny the allegations in paragraph 29, except admit that Jerry Seinfeld made overstatements of opinion for comic effect, and refer to the complete transcript of the show for what was said.

30. Deny the allegations in paragraph 30.

31. Deny the allegations in paragraph 31, except admit that Jerry Seinfeld made comic remarks about both his and David Letterman's experiences with individuals whose actions impinged on their off-camera lives.

32. Deny the allegations in paragraph 32.

33. Deny the allegations in paragraph 33.

34. Deny the allegations in paragraph 34, except admit that Jerry Seinfeld made overstatements of opinion for comic effect.

35. Deny the allegations in paragraph 35.

36. Deny the allegations in paragraph 36.

7

### As to Plaintiff Missy Chase Lapine's First Claim for Relief (Alleged Copyright Infringement Under the Copyright Act, 17 U.S.C. § 101 *et seq*.)

37. Repeat paragraphs 1 through 36 of this Answer.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. Admit the allegations in paragraph 41.

42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43.

44. Deny that *Deceptively Delicious* is an "Infringing Work."  Admit that Jessica Seinfeld has received royalties from sales of *Deceptively Delicious*.  Deny the remaining allegations in paragraph 44.

45. Deny the allegations in paragraph 45.

46. Deny the allegations in paragraph 46.

### As to Plaintiffs' Second Claim for Relief (Alleged Trademark Infringement Under Lanham Act §§ 32 and 43(a), 15 U.S.C. §§ 1114, 1125)

47. Repeat paragraphs 1 through 36 of this Answer.

8

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49. State that Plaintiffs' alleged "image trademark" speaks for itself. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51. Deny the allegations in paragraph 51.

52. Deny the allegations in paragraph 52.

53. Deny the allegations in paragraph 53.

54. Deny that *Deceptively Delicious* is an "Infringing Work." Admit the remaining allegations in paragraph 54.

55. Deny the allegations in paragraph 55.

### As to Plaintiffs' Third Claim for Relief (Alleged Trademark Infringement Under N.Y. Gen. Bus. Law § 360-k)

56. Repeat paragraphs 1 through 36 and 48 through 53 of this Answer.

57. Deny the allegations in paragraph 57.

58. Deny the allegations in paragraph 58.

59. Deny the allegations in paragraph 59.

60. Deny the allegations in paragraph 60.

### As to Plaintiffs' Fourth Claim for Relief (Alleged Injury to Business Reputation/Dilution Under N.Y. Gen. Bus. Law § 360-1)

61.  Repeat paragraphs 1 through 36, 48 through 53, and 57 through 59 of this Answer.

62.  Deny the allegations in paragraph 62.

63.  Deny the allegations in paragraph 63.

64.  Deny the allegations in paragraph 64.

### As to Plaintiff Missy Chase Lapine's Fifth Claim for Relief (Alleged Slander and Slander *Per Se*)

65.  Repeat paragraphs 1 through 36 of this Answer.

66.  Deny the allegations in paragraph 66.

67.  Deny the allegations in paragraph 67.

68.  Deny the allegations in paragraph 68.

69.  Deny the allegations in paragraph 69.

### As to the Relief Demanded

70.  Plaintiffs are not entitled to any of the relief demanded.

### Affirmative and Other Defenses

71.  The Complaint (and each of its claims) fails to state a claim on which relief can be granted.

72. Defendant Jessica Seinfeld's original work *Deceptively Delicious* was independently created.

73. Defendant Jessica Seinfeld's original work *Deceptively Delicious* is not similar, let alone "substantially similar," to Plaintiffs' work *Sneaky Chef*, and does not copy from it or take any protected or copyrightable expression from it.

74. Although no use was made of Plaintiffs' work, any such use as Plaintiffs claim was made would be non-actionable as fair use under Section 107 of the Copyright Act, 17 U.S.C. § 107.

75. Plaintiffs' actions, including the commencement of this litigation, constitute copyright misuse.

76. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel and/or waiver.

77. Under Section 412(1) of the Copyright Act, 17 U.S.C. § 412(1), Plaintiffs are barred from the recovery of statutory damages and attorneys' fees (as provided by Sections 504 and 505 of the Copyright Act, 17 U.S.C. §§ 504, 505) because Missy Chase Lapine's copyright claim in *Sneaky Chef* was not registered prior to the commencement of the alleged infringement or within 90 days of the first publication of *Sneaky Chef*.

78. Plaintiffs do not own any valid trademark or trade dress that has been used or infringed by defendant Jessica Seinfeld.

79. Plaintiffs are barred from relief or recovery under N.Y. Gen. Bus. Law §§ 360-k and 360-m, because Plaintiffs' putative trademarks have not been registered with the Secretary of State of New York under N.Y. Gen. Bus. Law §§ 360-a-j.

80.     The recovery of damages and profits Plaintiffs seek under the New York Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-1, is unavailable under that provision.

81.     Since plaintiff Lapine is a public figure, she cannot assert a valid claim for relief for slander because the remarks complained of were made without malice.

82.     The remarks complained of were not statements of fact, but overstatements of opinion.

83.     The remarks complained of constituted rhetorical hyperbole.

84.     The remarks complained of are subject to qualified privilege.

22160/003/819499.6

WHEREFORE, Jessica Seinfeld and Jerry Seinfeld demand judgment as follows:

A. Ordering that plaintiffs take nothing by way of their Complaint;

B. Dismissing the Complaint with prejudice;

C. Awarding Jessica Seinfeld and Jerry Seinfeld their costs and attorneys' fees herein; and

D. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 22, 2008

                    ___s/ Richard Dannay_____
                    Richard Dannay (rxd@cll.com)
                    Thomas Kjellberg (txk@cll.com)
                    COWAN, LIEBOWITZ & LATMAN, P.C.
                    1133 Avenue of the Americas
                    New York, New York 10036-6799
                    Phone (212) 790-9200
                    Fax (212) 575-0671

                    ___s/ Richard G. Menaker_____
                    Richard G. Menaker (rmenaker@mhjur.com)
                    Cheryl L. Davis (cdavis@mhjur.com)
                    MENAKER & HERRMANN LLP
                    10 East 40th Street
                    New York, New York 10016
                    Phone (212) 545-1900
                    Fax (212) 545-1656

                    Attorneys for Defendants
                    Jessica Seinfeld and Jerry Seinfeld

TO:
Christopher A. Seeger, Esq.
David R. Buchanan, Esq.
SEEGER WEISS LLP
One William Street Suite 10
New York, New York 10004
Attorneys for Plaintiffs

13