GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER (OS-3122)
LAURA BROWNING (LB-9931)
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
*Attorneys for Defendants Jessica Seinfeld,*
*HarperCollins Publishers, Inc.*
*and Departure Productions, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MISSY CHASE LAPINE and THE SNEAKY
CHEF, INC.,

                  Plaintiffs,

           v.

JESSICA SEINFELD, JERRY SEINFELD,
HARPERCOLLINS PUBLISHERS, INC., and
DEPARTURE PRODUCTIONS, LLC,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    *ORAL ARGUMENT REQUESTED*

    08-CV-128 (LTS) (RLE)


### REPLY MEMORANDUM OF LAW OF DEFENDANTS JESSICA SEINFELD, HARPERCOLLINS PUBLISHERS, INC. AND DEPARTURE PRODUCTIONS, LLC IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................. 1

I.      LAPINE FAILS TO ADDRESS THE MISREPRESENTATIONS CONTAINED IN THE AMENDED COMPLAINT. ........................................................... 1

II.     LAPINE FAILS TO ESTABLISH SUBSTANTIAL SIMILARITY OF PROTECTED EXPRESSION AS A MATTER OF LAW ................................................. 2

        A.     The Absence of Substantial Similarity Can Be Determined As a Matter of Law on a Motion to Dismiss............................................................................... 2

        B.     The Repackaged and Unprotectable Idea of Hiding Food in Children's Meals............................................................................................................... 3

        C.     The Allegedly Similar "Organization, Pattern, Structure and Sequence."........................................................................................................ 4

        D.     The Self-Defeating Chart of Allegedly Similar Passages...................................... 6

        E.     The Baseless Recipe Claims ................................................................................. 7

        F.     Plaintiffs' Kitchen-Sink Combination of Elements Claim. ................................... 8

III.    THE DISSIMILARITY OF THE MARKS DISPELS ANY LIKELIHOOD OF CONFUSION AS A MATTER OF LAW .................................................................... 9

IV.   LAPINE'S CLAIM UNDER 43(A) OF THE LANHAM ACT IS FORECLOSED BY SUPREME COURT PRECEDENT ................................................. 11

V.    LAPINE'S DILUTION CLAIM FAILS AS A MATTER OF LAW.............................. 12

VI.   LAPINE'S BREACH OF IMPLIED CONTRACT CLAIM FAILS ............................... 12

VII.  LAPINE'S MISAPPROPRIATION AND UNFAIR COMPETITION CLAIM IS PREEMPTED AND FAILS FOR LACK OF NOVELTY ........................................ 13

CONCLUSION......................................................................................................................... 15

*Privileged & Confidential*
*Attorney Work Product*
*Draft 8/27/2008 1:48:07 PM*

# TABLE OF AUTHORITIES

Page(s)

## Cases

*A Slice of Pie Productions, LLC v. Wayans Bros. Entertainment*,
    392 F. Supp. 2d 297 (D. Conn. 2005) ............................................................. 14

*Alexander v. Haley*,
    460 F. Supp. 40 (S.D.N.Y. 1978) ..................................................................... 6

*Alliance Sec. Prods., Inc. v. Fleming & Co., Pharms.*,
    2008 WL 2949104 (2d Cir. July 29, 2008) .................................................... 12

*Antidote Int'l Films, Inc. v. Bloomsbury Publ'g*,
    467 F. Supp. 2d 394 (S.D.N.Y. 2007) ........................................................... 11

*Arden v. Columbia Pictures*,
    908 F. Supp. 1248 (S.D.N.Y. 1995) ................................................................ 5

*Arica Institute v. Palmer*,
    970 F.2d 1067 (2d Cir. 1992) ...................................................................... 6, 7

*Arpaia v. Anheuser-Busch Cos.*,
    55 F. Supp. 2d 151 (W.D.N.Y. 1999) ............................................................ 14

*Barbour v. Head*,
    178 F. Supp. 2d 758 (S.D. Tex. 2001) ............................................................ 8

*Beaudin v. Ben & Jerry's Homemade, Inc.*,
    95 F.3d 1 (2d Cir. 1996) ................................................................................. 9

*Bell v. Blaze Magazine*,
    2001 WL 262718 (S.D.N.Y. Mar. 16, 2001) ................................................... 2

*Bergin v. Century 21 Real Estate Corp.*,
    2000 WL 223833 (S.D.N.Y. Feb. 25, 2000), *aff'd*, 234 F.3d 1261 (2d Cir.
    2001) ............................................................................................................. 13

*Boyle v. Stephens*,
    1998 WL 80175 (S.D.N.Y. Feb. 25, 1998), *aff'd*, 21 Fed. Appx. 76 (2d
    Cir. 2001) ........................................................................................................ 2

*Brainard v. Vassar*,
    -- F. Supp. 2d --, 2008 WL 2414804 (M.D. Tenn. June 12, 2008) .................. 14

## TABLE OF AUTHORITIES *[continued]*

Page(s)

*Brandwynne v. Combe Int'l, Ltd.*,
    74 F. Supp. 2d 364 (S.D.N.Y. 1999)................................................................ 15

*Buckman v. Citicorp*,
    1996 WL 34158 (S.D.N.Y. Jan. 30, 1996), *aff'd*, 101 F.3d 1393 (2d Cir.
    1996) ........................................................................................................... 1, 3

*Chivalry Film Prods. v. NBC Universal, Inc.*,
    2006 WL 3780900 (S.D.N.Y. Dec. 22, 2006), *aff'd*, 249 Fed. Appx. 856
    (2d Cir. 2007)................................................................................................... 4

*CK Co. v. Burger King Corp.*,
    1994 WL 533253 (S.D.N.Y. Sept. 30, 1994), *aff'd*, 122 F.3d 1055 (2d Cir.
    1995) ................................................................................................................ 8

*Clausen v. Eslinger*,
    455 F. Supp. 2d 256 (S.D.N.Y. 2006)........................................................... 11

*Contractual Obligation Prods., LLC v. AMC Networks, Inc.*,
    546 F. Supp. 2d 120 (S.D.N.Y. 2008)........................................................... 11

*Cumberland Packaging Corp. v. Monsanto Co.*,
    140 F. Supp. 2d 241 (E.D.N.Y. 1999) .......................................................... 11

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
    539 U.S. 23 (2003)......................................................................................... 11

*Dhenker v. Uhry*,
    820 F. Supp. 722 (S.D.N.Y. 1992), *aff'd*, 996 F.2d 301 (2d Cir. 1993) ............ 7

*Douglas v. Osteen*,
    -- F. Supp. 2d --, 2008 WL 2096862 (E.D. Pa. May 16, 2008) ........................ 9

*Downey v. Gen. Foods Corp.*,
    31 N.Y.2d 56 (1972) ..................................................................................... 13

*Downey v. Gen. Foods Corp.*,
    37 A.D.2d 250 (2d Dep't 1971)..................................................................... 13

*Duffy v. Penguin Books USA Inc.*,
    4 F. Supp. 2d 268 (S.D.N.Y. 1998)................................................................. 6

*Durham Industries, Inc. v. Tomy Corp.*,
    630 F.2d 905 (2d Cir. 1980)............................................................................ 2

**TABLE OF AUTHORITIES** *[continued]*

<u>Page(s)</u>

*Eden Toys, Inc. v. Marshall Field & Co.,*
    675 F.2d 498 (2d Cir. 1982)...................................................................... 4

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,*
    499 U.S. 340 (1991)............................................................................. 5

*FragranceNet.com, Inc. v. FragranceX.com, Inc.,*
    493 F. Supp. 2d 545 (S.D.N.Y. 2007)........................................................ 10

*Gal v. Viacom Int'l, Inc.,*
    518 F. Supp. 2d 526 (S.D.N.Y. 2007)......................................................... 3

*Grosso v. Miramax Film Corp.,*
    383 F.3d 965 (9th Cir. 2004), *cert. denied*, 546 U.S. 824 (2005)...................... 13

*Hearn v. Meyer,*
    664 F. Supp. 832 (S.D.N.Y. 1987)............................................................ 7

*Historical Truth Prods. v. Sony Pictures Entm't,*
    39 U.S.P.Q. 2d, 1807 (S.D.N.Y. 1995)...................................................... 2

*Idema v. Dreamworks,*
    162 F. Supp. 2d 1129 (C.D. Cal. 2001), *aff'd in part, dismissed in part,* 90
    Fed. Appx. 496 (9th Cir. 2003)............................................................... 9

*In re G. & A. Books, Inc.,*
    770 F.2d 288 (2d Cir. 1985).................................................................... 3

*In re Giordano,*
    200 U.S.P.Q. 52 (T.T.A.B. 1978) ............................................................ 10

*Johnson v. Gordon,*
    409 F.3d 12 (1st Cir. 2005).................................................................... 9

*Kaplan v. Stock Mkt. Photo Agency, Inc.,*
    133 F. Supp. 2d 317 (S.D.N.Y. 2001)........................................................ 5

*Keane v. Fox Television Stations, Inc.,*
    297 F. Supp. 2d 921 (S.D. Tex. 2004), *aff'd*, 129 Fed. Appx. 874 (5th Cir.
    2005)................................................................................................ 14

*Khreativity Unlimited, Inc. v. Mattel, Inc.,*
    2000 WL 1843223 (2d Cir. Dec. 14, 2000), *cert. denied*, 534 U.S. 822
    (2001).............................................................................................. 13

# TABLE OF AUTHORITIES *[continued]*

Page(s)

*Lambing v. Chocolatier*,
    1998 WL 58050 (6th Cir. Feb. 6, 1998), *cert. denied*, 524 U.S. 954 (1998)..................... 8

*Le Book Publ'g, Inc. v. Black Book Photography, Inc.*,
    418 F. Supp. 2d 305 (S.D.N.Y. 2005).................................................................. 2, 10, 12

*McGhan v. Ebersol*,
    608 F. Supp. 277 (S.D.N.Y. 1985)................................................................................. 14

*Merck & Co. v. Mediplan Health Consulting, Inc.*,
    425 F. Supp. 2d 402 (S.D.N.Y. 2006)........................................................................... 10

*MyWebGrocer, LLC v. Hometown Info, Inc.*,
    375 F.3d 190 (2d Cir. 2004)............................................................................................ 5

*Nabisco, Inc. v. Warner-Lambert Co.*,
    220 F.3d 43 (2d Cir. 2000).............................................................................................. 10

*Nadel v. Play-by-Play Toys & Novelties, Inc.*,
    208 F.3d 368 (2d Cir. 2000).......................................................................................... 12

*Oasis Music, Inc. v. 900 U.S.A., Inc.*,
    161 Misc. 2d 627 (Sup. Ct. N.Y. County 1994) ........................................................... 14

*Papa John's Int'l, Inc. v. Rezko*,
    466 F. Supp. 2d 801 (N.D. Ill. 2006) ........................................................................... 10

*Paul v. Haley*,
    183 A.D.2d 44 (2d Dep't 1992)..................................................................................... 13

*Procter & Gamble Co. v. Colgate-Palmolive Co.*,
    1998 WL 788802 (S.D.N.Y. Nov. 9, 1998), *aff'd*, 199 F.3d 74 (2d Cir.
    1999) .............................................................................................................................. 8

*Publ'ns Int'l, Ltd. v. Meredith Corp.*,
    88 F.3d 473 (7th Cir. 1996) ........................................................................................... 8

*Radolf v. Univ. of Conn.*,
    364 F. Supp. 2d 204 (D. Conn. 2008)........................................................................... 11

*Rescuecom Corp. v. Computer Troubleshooters USA, Inc.*,
    464 F. Supp. 2d 1263 (N.D. Ga. 2005) ......................................................................... 10

*Salinger v. Random House, Inc.*,
    811 F.2d 90 (2d Cir. 1987), *cert. denied*, 484 U.S. 890 (1987).......................................7

**TABLE OF AUTHORITIES** *[continued]*

Page(s)

*Satava v. Lowry,*
    323 F.3d 805 (9th Cir. 2003) ........................................................... 9

*Shaw v. Lindheim,*
    919 F.2d 1353 (9th Cir. 1990) ....................................................... 6

*Smith v. New Line Cinema,*
    2004 WL 2049232 (S.D.N.Y. Sept. 8, 2004) ................................ 13

*Solow Building Co., LLC v. Nine West Group, Inc.,*
    2001 WL 736794 (S.D.N.Y. June 29, 2001), *aff'd*, 48 Fed. Appx. 15 (2d
    Cir. 2002). ..................................................................................... 9

*Starbucks Corp. v. Wolfe's Borough Coffee, Inc.,*
    559 F. Supp. 2d 47, (S.D.N.Y. 2008)........................................... 12

*Starobin v. King,*
    137 F. Supp. 2d 93 (N.D.N.Y. 2001) .............................................. 7

*Streetwise Maps v. Van Dam, Inc.,*
    159 F.3d 739 (2d Cir. 1998)......................................................... 10

*Thomas Publ'g Co., LLC v. Tech. Evaluation Ctrs., Inc.,*
    2007 WL 2193964 (S.D.N.Y. July 27, 2007) ............................... 11

*Walker v. Time Life Films, Inc.,*
    784 F.2d 44 (2d Cir. 1986), *cert. denied*, 476 U.S. 1159 (1986)........................................ 2

*Warner Bros. Inc. v. Am. Broad. Cos.,*
    720 F.2d 231 (2d Cir. 1983)................................................... 2, 5, 9

*Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.,*
    210 F. Supp. 2d 147 (E.D.N.Y. 2002), *aff'd*, 354 F.3d 112 (2d Cir. 2003) ....................... 4

*Williams v. Crichton,*
    84 F.3d 581 (2d Cir. 1996)............................................................. 5

*Williamson v. Pearson Educ., Inc.,*
    2001 WL 1262964, (S.D.N.Y. Oct. 19, 2001) ................................ 7

*Wrench, LLC v. Taco Bell Corp.,*
    36 F. Supp. 2d 787 (W.D. Mich. 1998), *rev'd*, 256 F.3d 446 (6th Cir.
    2001) ............................................................................................ 14

**TABLE OF AUTHORITIES** *[continued]*

Page(s)

*Zikakis v. Staubach Retail Servs.*,
    2005 WL 2347852 (S.D.N.Y. Sept. 22, 2005)........................................................... 14, 15

**Statutes**

15 U.S.C. § 1125(a) ..................................................................................................... 11

17 U.S.C. § 102(b) ..................................................................................................... 3, 6

**Regulations**

37 C.F.R. § 202.1(a)....................................................................................................... 8

## PRELIMINARY STATEMENT

Lapine's opposition brief confirms that this lawsuit is a crass publicity stunt based upon outright misrepresentations of Jessica Seinfeld's best-selling book *Deceptively Delicious* ("*DD*"). Lapine fails to explain – and even more remarkably does not address – why her Amended Complaint fabricates words and recipes that do not exist in *DD*, in violation of Rule 11.  Instead, Lapine clings to the pretense that she owns a monopoly over the concededly unprotectable idea of hiding healthy food in children's meals.  Lapine also makes a mockery of basic copyright law by relying on alleged "similarities" patched together from random stock elements that are inevitable to the genre and found in countless cookbooks, such as introductions by doctors, personal narratives, recipes, and lists of cooking appliances.  And in her roughshod attempt to manufacture a case, Lapine shamelessly ignores the numerous and irrefutable differences between these two books.  Finally, Lapine cavalierly distorts the controlling law, which makes clear a copyright case should be dismissed as a matter of law under Rule 12(b)(6) where the court "concludes that no reasonable jury could find that the works are substantially similar, or if it concludes that the similarities between the two works pertain only to unprotected elements of the work." *Buckman v. Citicorp*, 1996 WL 34158, at *3 (S.D.N.Y. Jan. 30, 1996) (Mukasey, J.), *aff'd*, 101 F.3d 1393 (2d Cir. 1996).  Lapine's meritless case easily meets this standard for dismissal.

## ARGUMENT

### I.  LAPINE FAILS TO ADDRESS THE MISREPRESENTATIONS CONTAINED IN THE AMENDED COMPLAINT.

Lapine has no explanation for why she blatantly misrepresented the content of the two works in her original Complaint and in her Amended Complaint, even after Defendants specifically warned that these misrepresentations violated Rule 11.  Lapine's silence is telling – and constitutes an admission that she attempted to deceive this Court by distorting the works.

*See Historical Truth Prods. v. Sony Pictures Entm't*, 39 U.S.P.Q. 2d 1807, 1817 (S.D.N.Y. 1995) (Mukasey, J.) (rejecting copyright claim and awarding sanctions where plaintiff's "blatant misrepresentation of the content" of the works constituted an "apparent attempt to deceive the court").

## II.  LAPINE FAILS TO ESTABLISH SUBSTANTIAL SIMILARITY OF PROTECTED EXPRESSION AS A MATTER OF LAW.

### A.    The Absence of Substantial Similarity Can Be Determined As a Matter of Law on a Motion to Dismiss.

Ignoring binding Second Circuit authority, Lapine wrongly suggests that substantial similarity is a fact question that cannot be resolved as a matter of law on a motion to dismiss. Memorandum of Law in Opposition to Motion to Dismiss ("Opp.") at 19-20.  It is well-settled, however, that the determination of whether two works are substantially similar can be determined by the court as a matter of law.  *See, e.g.*, *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir. 1986), *cert. denied*, 476 U.S. 1159 (1986); *Warner Bros. Inc. v. Am. Broad. Cos.*, 720 F.2d 231, 239-40 (2d Cir. 1983); *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 918 (2d Cir. 1980).  Thus, this Court has repeatedly dismissed copyright claims under Rule 12(b)(6) where, as here, no substantial similarity of protectable elements exists:

- *Le Book Publ'g, Inc. v. Black Book Photography, Inc.*, 418 F. Supp. 2d 305 (S.D.N.Y. 2005) (Lynch, J.) (dismissing infringement claim brought by publisher of directory for fashion, advertising and visual production industries against competitor; even though works shared similar categories and listings, "overlap is bound to happen when producing [works] for a similar audience, and this does not automatically lead to a finding of infringement").

- *Bell v. Blaze Magazine*, 2001 WL 262718 (S.D.N.Y. Mar. 16, 2001) (Casey, J.) (dismissing infringement claim brought against magazine to which plaintiff submitted manuscript; although both works included articles on "the weather, current events, hip hop music, prison life, ethnic targeting and drug crimes" and a similar format, all of these alleged similarities "relate to unprotectable concepts and ideas and not Plaintiff's expression of these ideas").

- *Boyle v. Stephens*, 1998 WL 80175 (S.D.N.Y. Feb. 25, 1998) (Scheindlin, J.), *aff'd*, 21 Fed. Appx. 76 (2d Cir. 2001) (denying reconsideration of dismissal of infringement claim; after "filtering out" the unprotected elements, the court conducted a careful textual analysis of the works and determined that their "organization, structure, emphasis, tone and theme are easily distinguishable" and that the works were not substantially similar as a matter of law).

- *Buckman v. Citicorp*, 1996 WL 34158 (S.D.N.Y. Jan. 30, 1996) (Mukasey, J.), *aff'd*, 101 F.3d 1393 (2d Cir. 1996) (dismissing copyright claim; although there were "some similarities" between the works, they were "not substantial," did not "reflect the 'original elements' of plaintiff's work" and the works in fact "differ[ed] substantially").

*See also* Memorandum of Law in Support of Motion to Dismiss ("Br.") at 8 (collecting cases).

Plaintiff fails to address – much less distinguish – any of these dispositive cases, which mandate

dismissal of Lapine's fatuous claims.[1]

**B.      The Repackaged and Unprotectable Idea of Hiding Food in Children's Meals.**

In a dramatic retreat from her own allegations (FAC ¶¶ 1, 18), Lapine now concedes that

the idea of hiding healthy food in children's meals is unoriginal and unprotectable.  Opp. 9.  But

rather than abandon this frivolous claim, Lapine attempts to re-package it by alleging that

"[g]iving instructions for making vegetable purees in advance, storing them for future use, and

then using them in specially created recipes which include the pre-made purees as ingredients"

constitutes protectable expression.  Opp. 10.  This argument is laughable.  Lapine has simply

described a procedure, process or method of hiding food in children's meals, which is similarly

unprotectable.  *See* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original

work of authorship extend to any idea, procedure, process, system, method of operation, concept,

---

[1] Because Lapine cannot rebut the dispositive force of the third party works appended to Defendants' motion, she asks the court to ignore them.  Opp. 5, 9.  But this request disregards the case law in this Circuit taking judicial notice of prior works in copyright cases when examining whether similarities relate to unprotectable ideas, themes and *scenes a faire*.  *See* Br. at 5-6 (collecting cases); *see also Gal v. Viacom Int'l, Inc.*, 518 F. Supp. 2d 526, 546-547 (S.D.N.Y. 2007) (Haight, J.) (judicial notice of third-party works submitted by defendant "featuring corporate greed in the pharmaceutical industry and centering around the development of miracle drugs").  In the event the Court deems consideration of such materials inappropriate on a motion to dismiss, this motion may properly be converted into one for summary judgment.  *See* Br. 6 n.4 (collecting cases); *see also In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985) ("Even where only the party moving to dismiss has submitted extrinsic material such as depositions or affidavits, the opposing party may be deemed to have had adequate notice that the motion to dismiss would be converted.").  Lapine had every opportunity to demonstrate a triable issue of fact, yet entirely failed to do so.  Indeed, the issues presented here are issues of law, not fact.

principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.").[2]  Furthermore, preparing and storing purees and using them in selected recipes clearly is part and parcel of the unprotectable idea of hiding food in children's meals.  *E.g.*, *Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*, 210 F. Supp. 2d 147, 167 (E.D.N.Y. 2002) ("shaped heads, torsos, embroidered faces, hats, bows, yarn hair, ribbons, dresses, hands, feet, and shoes" are unprotectable because "they constitute part of the 'idea' of a ragdoll"), *aff'd*, 354 F.3d 112 (2d Cir. 2003).  If a plaintiff could transform an unprotectable idea into protectable expression simply by dissecting the idea into its component parts or rephrasing it, a monopoly could be achieved over virtually any idea.  Courts repeatedly reject this tactic and deny protection for ideas more detailed and specific than those here. *See* Br. 11-12 (collecting cases).

**C.    The Allegedly Similar "Organization, Pattern, Structure and Sequence."**

Again seeking a monopoly over unprotectable stock elements, Lapine argues that the "organization, pattern, structure and sequence" of the two works support a finding of infringement.  Opp. 10-13.  Lapine cites the wholly unremarkable fact that the two works contain a cover, title and drawings describing their contents,[3] an introduction by a doctor, personal narratives, a discussion of appliances, lists of essential ingredients, instructions for making and

---

[2]  Lapine in fact describes her recast idea as a "unique and original *method*," (Opp. 10) (emphasis added), and a "innovative *concept*," (Opp. 35) (emphasis added), confirming that no matter how she attempts to recast it, this idea is not subject to copyright protection.

[3]  It is not surprising that two cookbooks about hiding healthy food in children's meals contain a drawing of a winking (or "shhing") female chef and carrots.  And Defendants have described in clear detail the complete lack of similarity between these images.  Br. 30-33.  Ignoring these dissimilarities and the law, Lapine now argues that changes allegedly made by HarperCollins to the cover of *DD* "is itself evidence of copying."  Opp. 14.  But courts in this Circuit have repeatedly held that "a defendant may legitimately avoid infringement by intentionally making sufficient changes in a work which would otherwise be regarded as substantially similar to that of the plaintiff's."  *Eden Toys, Inc. v. Marshall Field & Co.,* 675 F.2d 498, 501 (2d Cir. 1982); *see also Chivalry Film Prods. v. NBC Universal, Inc.*, 2006 WL 3780900, at *2 (S.D.N.Y. Dec. 22, 2006) (Lynch, J.) (plaintiff's claim that defendants "blatantly went through extremes in revisions and manipulation in an attempt to conceal and subterfuge said crime" is "self-defeating"), *aff'd*, 249 Fed. Appx. 856 (2d Cir. 2007).

storing purees, and a collection of recipes.  Opp. 10-11.  These unprotectable elements, and the

order in which they appear, flow predictably and naturally from the decision to write a cookbook

about hiding healthy food in children's meals.[4]  Many (if not all) of these elements are inevitable

by-products of *any* cookbook.

As the Supreme Court has made clear, otherwise uncopyrightable material is not subject

to protection where, as here, it is "selected, coordinated, and arranged in a way that utterly lacks

originality."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 363-64 (1991); *see also*

*Kaplan v. Stock Mkt. Photo Agency, Inc.*, 133 F. Supp. 2d 317, 322-23 (S.D.N.Y. 2001)

(Schwartz, J.) ("the doctrine of *scenes a faire* holds that sequences of events necessarily resulting

from the choice of setting or situation . . . are not protectable under the copyright laws").  There

is not a modicum of creativity that brings Lapine's purported "organization" or "sequence"

outside the realm of unprotectable *scenes a faire.  E.g.*, *Arden v. Columbia Pictures*, 908 F.

Supp. 1248, 1262 (S.D.N.Y. 1995) (Chin, J.) ("[a]ny similarities in the sequence of events are

incidental to the idea of a repeating day or the theme or romance, and as such are unprotected").[5]

In any event, the organization and structure of the two works contain significant differences that

---

[4]  Lapine's claim is equivalent to a suit against an author of a French cookbook who included an image
of the Eiffel Tower on the cover, instructions for making sauces, and recipes for chicken cordon bleu
and crème brûlée.

[5]  Lapine again fails to address a single case cited by Defendants, all of which hold that similar
"patterns" or "sequences" of events that flow naturally from an unprotectable idea are outside the
realm of copyright protection.  *See* Br. 15-16 (collecting cases).  And the cases cited by Lapine only
demonstrate that her case is meritless.  *See, e.g.*, *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375
F.3d 190, 193-94 (2d Cir. 2004) (denying preliminary injunction because it was not clear that
plaintiff's descriptions or arrangement included any creative elements); *Warner Bros. Inc.*, 720 F.2d
at 243 (2d Cir. 1983) (dismissing infringement claim because similarity does not exist "when the total
perception of all the ideas as expressed . . . is fundamentally different"); *Williams v. Crichton*, 84 F.3d
581, 590 (2d Cir. 1996) (dismissing infringement claim and noting that "even those scenes that appear
similar in their abstract description prove to be quite dissimilar once examined in any detail").

defeat any allegation of similarity, as a comparison of the tables of contents demonstrates.  Br.

26-27.[6]

**D.    The Self-Defeating Chart of Allegedly Similar Passages.**

In an attempt to establish substantial similarity, Lapine includes a chart in her brief

comparing 13 short passages cherry-picked from the two lengthy works.  Opp. 14-16.  But this

chart confirms that the only similarities between the two works is the unprotectable idea of

hiding healthy food in children's meals and its associated concepts.  Just as Lapine cannot claim

a monopoly over an idea, she cannot preclude others from expressing or describing that same

idea.  *See* 17 U.S.C. § 102(b) (an idea is not protectable "regardless of the form in which it is

described, explained, illustrated, or embodied" in a work).[7]

It is wholly unremarkable (indeed, it is predictable) that select passages in the two works

describe similar topics – such as mealtimes, family struggles, and cooking tips and methods –

given that the works share the unprotectable idea of hiding healthy food in children's meals.  *See*

*Duffy v. Penguin Books USA Inc.*, 4 F. Supp. 2d 268, 274 (S.D.N.Y. 1998) (Parker, J.) ("While

the substantive content of these discussions is often undeniably similar, these passages are in

many cases no similar than any two discussions might be of the same set of underlying facts,

which, in any event, are not subject to copyright protection."); *Alexander v. Haley*, 460 F. Supp.

40, 46 (S.D.N.Y. 1978) (Frankel, J.) (no infringement where both parties used "obvious terms to

---

[6]  For these same reasons, Lapine's effort to invoke the doctrine of comprehensive non-literal similarity fails.  Opp. 11.  *DD* in no way appropriates the "fundamental essence or structure" of Lapine's work. *E.g.*, *Arica Institute v. Palmer*, 970 F.2d 1067, 1073 (2d Cir. 1992) (finding no comprehensive non-literal similarity where the sequence and arrangement were inherent to the subject of the works).

[7]  Lapine admits that "titles cannot claim copyright protection" (Opp. 13) yet argues that the Court may consider titles as one relevant factor in the substantial similarity analysis.  *Shaw v. Lindheim*, 919 F.2d 1353 (9th Cir. 1990), is not only non-binding authority, it is also immediately distinguishable. The titles there were "identical," and defendant in fact "admitted copying" plaintiff's title.  *Id.* at 1362.

describe expectable scenes" in books derived from the history of black slavery).  What matters is that the <u>expression</u> of the ideas here is not substantially similar, which Lapine's chart clearly demonstrates.  Courts routinely dismiss copyright claims based on alleged similarities in language that, like the language here, share only unprotectable ideas.  *See, e.g.*, *Williamson v. Pearson Educ., Inc.*, 2001 WL 1262964, at *8-9 (S.D.N.Y. Oct. 19, 2001) (Schwartz, J.); *Dhenker v. Uhry*, 820 F. Supp. 722, 733-34 (S.D.N.Y. 1992) (Mukasey, J.), *aff'd*, 996 F.2d 301 (2d Cir. 1993); *Hearn v. Meyer*, 664 F. Supp. 832, 848-49 (S.D.N.Y. 1987) (Leisure, J.); *Starobin v. King*, 137 F. Supp. 2d 93, 96-97 (N.D.N.Y. 2001).  Here, the *only* arguable similarities in language beyond these obvious articulated ideas pertain to isolated words and phrases that are not only not copyrightable, *see Arica Institute, Inc.*, 970 F.2d at 1072, but are also inevitable given the works' shared unprotectable idea of hiding healthy food in children's meals.[8]  In sum, the clear differences in the expression of the unprotectable ideas defeats any claim of substantial similarity.

## E.    The Baseless Recipe Claims.

Lapine all but abandons her baseless recipe claims, which were a central component of her Amended Complaint.  FAC ¶ 33(v).  The Amended Complaint alleges that <u>eleven</u> recipes "suggest adding the <u>same specific</u> fruit or vegetable puree to the same dishes."  FAC ¶ 33(v). (emphasis added). After Defendants demonstrated the falsity of this allegation (Br. 9, 22-23), Lapine sharply retreated from her prior claim and now asserts that only <u>nine</u> recipes "make

---

[8]  *Arica Institute*, relied upon heavily by Lapine, clearly supports dismissal here.  The Second Circuit in *Arica* rejected allegations that <u>over 245 separate passages</u> in a book about religious teachings were infringing, because they involved unprotectable words and short phrases or merely described an unprotectable idea.  970 F.2d at 1072-73.  The three passages that were found to be substantially similar in *Arica* were nearly identical to the prior work, and thus Lapine's reliance on this case is misplaced.  *Salinger v. Random House, Inc.*, 811 F.2d 90 (2d Cir. 1987), *cert. denied*, 484 U.S. 890 (1987) is also inapposite.  There, defendant *admitted* copying plaintiff's works, but argued that his copying qualified as fair use.

similar uses of vegetable purees in the same types of dishes." Opp. 18-19 (emphasis added). But even this diluted claim fails because Lapine continues to disregard established law that squarely precludes copyright protection for her complete lists of ingredients, let alone an allegedly "similar use" of select ingredients. *Publ'ns Int'l, Ltd. v. Meredith Corp.*, 88 F.3d 473, 480 (7th Cir. 1996); *Lambing v. Chocolatier*, 1998 WL 58050, at *1 (6th Cir. Feb. 6, 1998), *cert. denied*, 524 U.S. 954 (1998); 37 C.F.R. § 202.1(a).[9]

## F.    Plaintiffs' Kitchen-Sink Combination of Elements Claim.

Lapine concedes that her remaining allegations of similarity in the Amended Complaint are not "terribly significant." Opp. 19. She nevertheless argues, without citing a single case, that "the cumulative totality" of these purported similarities somehow "at least raises a triable issue of fact." *Id*. While a combination of otherwise unprotectable elements may be copyrightable, Lapine's "combination" of elements generic to a cookbook – including borders around text, full-color photographs of finished dishes, and cooking tips – cannot meet the test of originality. *See, e.g.*, *Procter & Gamble Co. v. Colgate-Palmolive Co.*, 1998 WL 788802, at *41-46 (S.D.N.Y. Nov. 9, 1998) (Patterson, J.) (combination of elements not protectable where each of the various elements appeared in prior works and alleged creative choices were standard to the type of work), *aff'd*, 199 F.3d 74 (2d Cir. 1999); *CK Co. v. Burger King Corp.*, 1994 WL 533253, at *9 (S.D.N.Y. Sept. 30, 1994) (Haight, J.) (combination of stock characters not sufficiently original to warrant protection), *aff'd*, 122 F.3d 1055 (2d Cir. 1995); *Satava v. Lowry*, 323 F.3d 805, 811-

---

[9]    The authority cited by Lapine (Opp. 6) confirms that recipes are not protectable unless they are "*more than mechanical listings of ingredients and cooking directions*," *i.e.*, if "infused with light-hearted or helpful commentary." *Barbour v. Head*, 178 F. Supp. 2d 758, 764 (S.D. Tex. 2001) (emphasis added). In addition, it is irrelevant that *Sneaky Chef* as a collection of recipes may be copyrightable. Lapine has never alleged that *DD* infringes her entire collection of recipes, nor could she given the fundamental differences in the recipes and overall approach in the two books. Br. 16-17; 22-23.

12 (9th Cir. 2003) (unprotectable elements were "so commonplace" that to grant plaintiff a copyright in their combination would "effectively give him a monopoly").[10]

### III.  THE DISSIMILARITY OF THE MARKS DISPELS ANY LIKELIHOOD OF CONFUSION AS A MATTER OF LAW.

In an unsuccessful effort to rescue her ludicrous trademark claim, Lapine again twists the law and argues that "likelihood of confusion is a factual question not properly resolved in a motion to dismiss."  Opp. 21.[11]  It is clear, however, that when considering a Rule 12(b)(6) motion, "the Court may . . . make an initial finding as to whether or not a jury would find a likelihood of confusion as to source" and dismiss meritless claims.  *Solow Building Co., LLC v. Nine West Group, Inc.*, 2001 WL 736794, at \*6 (S.D.N.Y. June 29, 2001) (Chin, J.) (dismissing trademark infringement claim pursuant to Rule 12(b)(6)) (citation omitted), *aff'd*, 48 Fed. Appx. 15 (2d Cir. 2002).[12]  In addition, Lapine fails to address Judge Lynch's dispositive opinion in *Le Book Publishing Inc.*, which holds that a thorough *Polaroid* analysis is not required where, as

---

[10] Regardless, a copyright in any alleged "combination" would be "thin," and thus would not be infringed unless the works were nearly identical.  *E.g.*, *Beaudin v. Ben & Jerry's Homemade, Inc.*, 95 F.3d 1, 2 (2d Cir. 1996) ("[w]here the quantum of originality is slight and the resulting copyright is 'thin,' infringement will be established only by very close copying"); *Idema v. Dreamworks*, 162 F. Supp. 2d 1129, 1178 (C.D. Cal. 2001) ("the fewer original . . . elements there are in a copyrighted work, the closer to identical an allegedly infringing work must be before it will be considered 'substantially similar'"), *aff'd in relevant part*, 90 Fed. Appx. 496 (9th Cir. 2003).  Because the elements comprising the alleged "combination" are themselves wholly dissimilar (Br. 16-17, 25-27), Lapine cannot allege – and has not alleged – that the works approach, let alone meet, the high standard of "near identicality."  *E.g.*, *Johnson v. Gordon*, 409 F.3d 12, 25 (1st Cir. 2005) (rejecting combination claim where "the components themselves are so dissimilar that they cannot sensibly be agglomerated in such a way as to conjure up an overall (legally significant) resemblance").

[11] Lapine has abandoned her claim for trademark infringement under N.Y. Gen. Bus. Law § 360-k. Defendants established that Lapine's failure to plead (and apparent absence of) a New York registration bars her Fourth Claim for Relief as a matter of law (Br. 29 n.14) and Lapine has made no effort to rebut this argument.

[12] *See also Douglas v. Osteen*, -- F. Supp. 2d --, 2008 WL 2096862, at \*4 (E.D. Pa. May 16, 2008) (dismissing trademark claim pursuant to 12(b)(6) where there was no likelihood of consumer confusion); *cf. Warner Bros., Inc.*, 720 F.2d at 246 ("courts retain an important authority to monitor the outer limits of substantial similarity within which a jury is permitted to make the factual determination whether there is a likelihood of confusion as to source").

here, the dissimilarity of the marks "overwhelms any possibility of confusion." *Le Book Publ'g Inc.*, 418 F. Supp. 2d at 311 (granting motion to dismiss where "the cumulative effects of the dissimilarity of the marks and the form, look and feel of [competing] directories dispels any confusion consumers might have").[13]

The marks here are "overwhelmingly" dissimilar, as Defendants demonstrated in their motion. Br. 30-33. Rather than rebut these undeniable (and dispositive) differences, Lapine fixates on the immaterial fact that both marks include some common elements. Opp. 24. The law is clear, however, that the court must "appraise the overall impression created by . . . the context in which [the marks] are found," *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 47 (2d Cir. 2000) (citation omitted), not selected elements in isolation. Lapine further attempts to muddy the issue by discussing some *Polaroid* factors, but these factors are irrelevant where the marks are "so dissimilar that no question of fact is presented." *Id.* at 46.[14] Lapine's claim for trademark infringement fails as a matter of law.

---

[13] The cases cited by Lapine do not compel a different result but merely stand for the unremarkable proposition that where marks are <u>identical</u>, consumer confusion may be a more fact-intensive analysis. *Merck & Co. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 412 (S.D.N.Y. 2006) (denying motion to dismiss with regard to defendants that admitted to using plaintiff's mark but granting motion to dismiss with regard to defendant that did not use the identical mark); *Papa John's Int'l, Inc. v. Rezko*, 466 F. Supp. 2d 801, 807 (N.D. Ill. 2006) (denying motion to dismiss where defendant operated a pizza chain under the plaintiff's "Papa John's" mark); *Rescuecom Corp. v. Computer Troubleshooters USA, Inc.*, 464 F. Supp. 2d 1263, 1266 (N.D. Ga. 2005) (denying motion to dismiss where novel legal issues existed and defendant did not deny the alleged "use" of plaintiff's exact mark); *FragranceNet.com, Inc. v. FragranceX.com, Inc.*, 493 F. Supp. 2d 545 (S.D.N.Y. 2007) (motion to amend complaint was futile even though defendant allegedly used an identical mark).

[14] In any event, Lapine's incomplete *Polaroid* analysis misses the mark. First, even assuming that Lapine's purported marks have acquired secondary meaning, the Court must still consider the mark's "distinctiveness in the marketplace," which is significantly weakened here due to third-party use of the dominant term "sneaky" in identical goods. *Streetwise Maps v. Van Dam, Inc.,* 159 F.3d 739, 744 (2d Cir. 1998). And Lapine's purported marks are descriptive, not inherently distinctive, in relation to a work about hiding vegetables and fruit in children's meals. *See, e.g.*, *In re Giordano*, 200 U.S.P.Q. 52 (T.T.A.B. 1978) (picture of chef's head a weak mark for restaurants). Second, there is nothing to suggest that Defendants acted in bad faith. Defendants had no reason, economic or otherwise, to
[Footnote continued on next page]

### IV.  LAPINE'S CLAIM FOR UNFAIR COMPETITION UNDER THE LANHAM ACT IS FORECLOSED BY SUPREME COURT PRECEDENT.

Lapine once again scraps her Amended Complaint and concedes that a false authorship claim under 15 U.S.C. § 1125(a)(1)(A) is foreclosed by *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).  Opp. 28-29.  Lapine now alleges that the "advertising and promotion" for *DD* "falsely credit Ms. Seinfeld with the idea of the cookbook and all of the work to create it" in violation of 15 U.S.C. § 1125(a)(1)(B), the false advertising subsection of the Lanham Act.  Opp. 28-30.  This claim, however, merely "mirror[s] the false authorship claims that [the Supreme Court's opinion in] *Dastar* precludes" and is likewise foreclosed.  *Antidote Int'l Films, Inc. v. Bloomsbury Publ'g*, 467 F. Supp. 2d 394, 399-400 (S.D.N.Y. 2007) (Rakoff, J.) ("If authorship were a 'characteristic[]' or 'qualit[y]' of a work, then the very claim *Dastar* rejected under § 43(a)(1)(A) would have been available under § 43(a)(1)(B)."); *Thomas Publ'g Co., LLC v. Tech. Evaluation Ctrs., Inc.*, 2007 WL 2193964, at *3 (S.D.N.Y. July 27, 2007) (Berman, J.) (same); *see also Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, 546 F. Supp. 2d 120, 131 (S.D.N.Y. 2008) ("Plaintiff, however, cannot circumvent the import of *Dastar* by recasting its creative origin claim . . . as a false advertising claim . . . .") (*quoting* March 29, 2007 Order at 11); *Radolf v. Univ. of Conn.*, 364 F. Supp. 2d 204, 222 (D. Conn. 2008).[15]

---

[Footnote continued from previous page]
    deceive the public into believing Jessica Seinfeld's book emanated from Lapine's, and the prominent placement of Jessica Seinfeld's well-known name on the cover and spine of *DD* belies any argument that Defendants intended to cause, or would be likely to succeed in causing, confusion.  *E.g.*, *Cumberland Packaging Corp. v. Monsanto Co.*, 140 F. Supp. 2d 241, 255 (E.D.N.Y. 1999).

[15]  The lone decision cited by Lapine – Judge Sprizzo's decision in *Clausen v. Eslinger*, 455 F. Supp. 2d 256 (S.D.N.Y. 2006) – has no application here.  In *Clausen*, plaintiff alleged that defendant failed to credit plaintiff as producer of a film on which the two collaborated.  There was no parallel allegation of copyright infringement – in fact, plaintiff conceded that defendant authored the screenplay.  Thus, *Clausen* does not apply to the issue in this case, namely, whether Lapine's false advertising Lanham Act claim is merely a recast (and precluded) false authorship copyright infringement claim.  *See, e.g.*, *Thomas Publ'g Co., LLC*, 2007 WL 2193964, at *3.

## V.  LAPINE'S DILUTION CLAIM FAILS AS A MATTER OF LAW.

Defendants established that the Amended Complaint failed to state a claim for dilution by tarnishment.  Br. 33-34.  Recognizing the deficiency of her claim, Lapine now argues that she intended to state a claim for dilution by blurring, not tarnishment.  Opp. 31.  But the Amended Complaint contains no allegations that Defendants' use of their mark is likely to impair the distinctiveness of Lapine's purported marks.  Even if Lapine had adequately pled a claim for dilution by blurring, such a claim would fail because the dissimilarity of the marks "alone is sufficient to defeat [Lapine's] blurring claim."  *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 559 F. Supp. 2d 472, 477 (S.D.N.Y. 2008) (Swain, J.); *Le Book Publ'g, Inc.*, 418 F. Supp. 2d at 313 (granting motion to dismiss dilution claim where "the parties' marks and directories are blatantly different").

## VI.  LAPINE'S BREACH OF IMPLIED CONTRACT CLAIM FAILS.

Defendants' moving brief established that Lapine's "ideas" are completely lacking in novelty and thus cannot serve as consideration for an alleged implied contract with HarperCollins.  Br. 36-37.  In response, Lapine argues that her implied contract claim should nonetheless survive because the wholly unoriginal idea of hiding vegetables in children's meals contained in her unsolicited manuscript was somehow novel to HarperCollins.  Opp. 33-35.  But the cases cited by Lapine belie this notion and support dismissal.  The law is clear.  Where, as here, an idea is "so unoriginal or lacking in novelty that its obviousness bespeaks widespread and public knowledge of the idea . . . such knowledge is . . . imputed to the buyer" and cannot support an implied contract claim.  *Nadel v. Play-by-Play Toys & Novelties, Inc.*, 208 F.3d 368, 378-79 (2d Cir. 2000); *see also Alliance Sec. Prods., Inc. v. Fleming & Co., Pharms.*, 2008 WL 2949104, at *1-2 (2d Cir. July 29, 2008) (affirming dismissal of contract-based misappropriation claim because where "an idea consists in essence of nothing more than a variation on a basic

12

theme . . . novelty cannot be found to exist").[16]  Lapine's "idea" – even as reframed in her papers (Opp. 35-36) – is so unoriginal that its obviousness bespeaks widespread knowledge.  *See, e.g.*, Snyder Decl. Exs. C-G (collecting prior works).[17]

Lapine's preemption argument also goes nowhere.  Lapine's implied contract claim is clearly preempted to the extent it is based on the alleged use of the copyrightable elements of Lapine's unsolicited manuscript.  Br. 35-36; *see also Paul v. Haley*, 183 A.D.2d 44, 54-55 (2d Dep't 1992) (implied contract claim preempted to the extent it is based on the copying of expression), *lv. denied*, 81 N.Y.2d 707 (1993); *Smith v. New Line Cinema*, 2004 WL 2049232, at *5 (S.D.N.Y. Sept. 8, 2004) (Chin, J.) (implied contract claim based on unauthorized use of screenplay preempted).  The authority cited by Lapine does not hold otherwise.  *E.g.*, *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 967 (9th Cir. 2004) (implied contract claim sought compensation "not for the actual written script, but for the idea allegedly embodied in the script and shared with [defendant]"), *cert. denied*, 546 U.S. 824 (2005).  Because Lapine's *ideas* are wholly lacking in novelty – and only these ideas can support an implied contract claim – her Seventh Claim for Relief fails as a matter of law.

## VII.  LAPINE'S MISAPPROPRIATION AND UNFAIR COMPETITION CLAIM IS PREEMPTED AND FAILS FOR LACK OF NOVELTY.

Lapine does not dispute that the allegedly misappropriated "techniques, recipes and systems" contained in her book manuscript fall into the ambit of copyrightable material, and thus

---

[16] Novelty may be determined by the Court as a matter of law.  Br. 36; *Khreativity Unlimited, Inc. v. Mattel, Inc.*, 2000 WL 1843223, at *2 (2d Cir. Dec. 14, 2000) (holding that idea was not novel as a matter of law), *cert. denied*, 534 U.S. 822 (2001); *Bergin v. Century 21 Real Estate Corp.*, 2000 WL 223833, at *9 (S.D.N.Y. Feb. 25, 2000) (Koeltl, J.) ("[w]hether an idea is novel is an issue of law"), *aff'd*, 234 F.3d 1261 (2d Cir. 2001); *Paul*, 183 A.D.2d at 45 (finding no novelty as a matter of law).

[17] Lapine cites bad law in support of her argument that an implied-in-fact contract was adequately pled.  *Downey v. Gen. Foods Corp.*, 37 A.D.2d 250 (2d Dep't 1971) was subsequently reversed by the Court of Appeals, which dismissed the claim for breach of implied contract because the idea submitted was not novel or original.  *See Downey v. Gen. Foods Corp.*, 31 N.Y.2d 56, 61 (1972).

satisfy the first prong of the preemption test. Br. 38. Instead, Lapine argues that her

misappropriation claim somehow survives preemption because it requires "an extra element."

Opp. 37. She is wrong. Lapine's claim merely alleges that HarperCollins misappropriated her

property "through its use . . . in codefendants' Infringing Work" and "for the purpose of selling

Lapine's property." FAC ¶¶ 105-06.[18] This is precisely the type of misappropriation claim that

is routinely dismissed as preempted. *See, e.g.*, *Brainard v. Vassar*, -- F. Supp. 2d --, 2008 WL

2414804, at *5-7 (M.D. Tenn. June 12, 2008); *A Slice of Pie Prods., LLC v. Wayans Bros.*

*Entm't*, 392 F. Supp. 2d 297, 316 (D. Conn. 2005); *Keane v. Fox Television Stations, Inc.*, 297 F.

Supp. 2d 921, 941 (S.D. Tex. 2004), *aff'd*, 129 Fed. Appx. 874 (5th Cir. 2005); *Arpaia v.*

*Anheuser-Busch Cos.*, 55 F. Supp. 2d 151, 162 (W.D.N.Y. 1999).[19]

　　　　In any event, Lapine defeats her own claim by conceding both that "absolute" novelty is

an essential element of any misappropriation claim (Opp. 34-35) <u>and</u> that that the allegedly idea

of hiding healthy food in children's meals is not novel (Opp. 9). *See also* Br. 39 n.22; *Zikakis v.*

*Staubach Retail Servs.*, 2005 WL 2347852, at *3 (S.D.N.Y. Sept. 22, 2005) (Buchwald, J.)

("[n]ovelty of an idea is an essential element of the New York tort of misappropriation"). Even

---

[18] Lapine's misappropriation and unfair competition claim does not allege – nor could it – that Defendants breached a fiduciary duty or a confidential relationship, and thus there is no "extra element" that makes her claim qualitatively different. To the extent Lapine is belatedly alleging that a confidential or fiduciary relationship was created by her unsolicited submission of a manuscript to HarperCollins, thus creating the requisite "extra element," she is wrong. *See, e.g.*, *Markogianis v. Burger King Corp.*, 1997 WL 167113, at *6 (S.D.N.Y. Apr. 8, 1997) (Kennan, J.) (no confidential relationship formed where only dealings between parties was an unsolicited submission of an idea).

[19] Lapine's reliance on *Oasis Music, Inc. v. 900 U.S.A., Inc.*, 161 Misc. 2d 627 (Sup. Ct. N.Y. County 1994) and *McGhan v. Ebersol*, 608 F. Supp. 277 (S.D.N.Y. 1985) is perplexing. Neither case speaks to the issue of preemption and both cases ultimately dismiss the misappropriation claims because the ideas allegedly misappropriated were not sufficiently novel. *Oasis Music, Inc.*, 161 Misc. 2d at 635; *McGhan*, 608 F. Supp at 207. In addition, neither case involved the unsolicited submission of a literary work. The sole preemption case that Lapine cites in support of her argument, *Wrench, LLC v. Taco Bell Corp.*, 36 F. Supp. 2d 787 (W.D. Mich. 1998), *rev'd*, 256 F.3d 446 (6th Cir. 2001), is distinguishable on its facts. There, the parties had engaged in extensive discussions and negotiations regarding the allegedly misappropriated idea. *See Wrench, LLC*, 256 F.3d at 449-51.

14

as recycled in Lapine's motion (Opp. 35-36), the allegedly misappropriated idea cannot meet the standard of novelty required for misappropriation claims and accordingly the Eight Claim for Relief must be dismissed. *E.g.*, *Zikakis*, 2005 WL 2347852, at *3 (dismissing misappropriation claim because "[a] protectable idea must reflect 'genuine. . . invention, and not a merely clever or useful adaptation of existing knowledge'") (citation omitted); *Brandwynne v. Combe Int'l, Ltd.*, 74 F. Supp. 2d 364, 376 (S.D.N.Y. 1999) (Scheindlin, J.) (holding that "a combination of pre-existing elements is not considered 'novel'").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss with prejudice the First, Second, Third, Fourth, Fifth, Seventh and Eighth Claims for Relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated:  August 27, 2008
        New York, New York

GIBSON, DUNN & CRUTCHER LLP

By: _____
Orin Snyder (OS-3122)
Laura Browning (LB-9931)

200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Defendants Jessica Seinfeld,
HarperCollins Publishers, Inc. and
Departure Productions, LLC*

100500331_10.DOC